UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br><br>    Plaintiff<br><br>v.<br><br>JOSE NAVARRETE, et al.,<br><br>    Defendants | Case No.: 2:23-cv-00766-APG-MDC<br><br>**Screening Order for Complaint**<br><br>[ECF No. 1-1] |

*Pro se* Plaintiff Mohamed Mahmoud, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC), has submitted a civil rights complaint (Complaint) under 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, a motion seeking the appointment of counsel, a motion seeking to exceed the page limit, and a motion for a preliminary injunction. ECF Nos. 1, 1-1, 1-2, 1-3, 5. The matter of the filing fee will be temporarily deferred. I now screen Mahmoud's Complaint under 28 U.S.C. § 1915A and address the motions.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of

the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

In his 57-page complaint, Mahmoud asserts four claims and sues 70 defendants for events that took place while he was incarcerated at High Desert State Prison (HDSP), Northern Nevada Correctional Center (NNCC), and Southern Desert Correctional Center (SDCC). ECF No. 1-1 at

1–4. Mahmoud brings claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.[1] *Id.* at 14–57. He seeks monetary, declaratory, and injunctive relief. *Id.* at 53–57.

The claims arise out of different transactions, occurrences, or series of transactions and involve different defendants or groups of defendants at various prisons. I dismiss the entire complaint without prejudice and with leave to amend because it does not comply with the Federal Rules of Civil Procedure (FRCP). I advise Mahmoud of the following requirements under the FRCP in order to facilitate the filing of a properly formatted amended complaint. Mahmoud is advised that the failure to comply with these rules when drafting and filing his amended complaint may result in this action being dismissed.

### A.     FRCP 8, 10, 18 and 20

A complaint must contain "a short and plain statement of the claim showing that [Mahmoud] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

The function of the complaint is not to list every single fact relating to Mahmoud's claims. If Mahmoud wishes to amend his complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of FRCP 8. A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join

---

[1] Mahmoud filed a notice stating that he was voluntarily dismissing, without prejudice, his third claim in the Complaint. ECF No. 3 at 1.

multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the PLRA. 28 U.S.C. § 1915(g).

Each claim that is raised in a complaint must be permitted by either Rule 18 or Rule 20. Mahmoud may state a single claim against a single defendant. Mahmoud may then add any additional claims to his action that are against the same defendant under FRCP 18. Mahmoud may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

In this case, Mahmoud brings several different claims against several different prison officials at various prisons that are unrelated and cannot proceed in a single action. For example, Mahmoud raises claims pertaining to excessive force, retaliation, medical care for different issues, and religious violations. *See generally* ECF No. 1-1. If Mahmoud elects to amend his complaint, he must choose which related claims he wishes to pursue in this action. If Mahmoud's

amended complaint sets forth unrelated claims which violate joinder rules, I will dismiss the claims I find to be improperly joined.

**B.     Motions For Relief (ECF Nos. 1-2, 1-3, 5)**

*a.     Motion for Appointment of Counsel (ECF No. 1-2)*

Mahmoud files a motion seeking the appointment of counsel. ECF No. 1-2. Mahmoud requests counsel because he does not have regular access to the law library, and he believes that counsel would assist in litigating his complex claims. *Id.* at 3–4.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Mahmoud fails to establish that he is likely to succeed on the merits of his case because I dismissed the entire complaint for failure to comply with the FRCP. In addition, the reasons for counsel that Mahmoud states in his motion are not exceptional circumstances. *See Baker v. Macomber*, No. 2:15-CV-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for

voluntary assistance of counsel"). Therefore, I deny Mahmoud's motion seeking the appointment of counsel without prejudice.

### b.   *Motion Seeking to Exceed Page Limit (ECF No. 1-3)*

I deny Mahmoud's motion to exceed the 30-page limit for civil rights filings by *pro se* inmates (ECF No. 1-3) because I have dismissed the entire complaint without prejudice with leave to amend for failure to comply with the FRCP.

### c.   *Motion for a Preliminary Injunction (ECF No. 5)*

Mahmoud moves for a preliminary injunction concerning an alleged prohibition of prayer time on Fridays for Muslim inmates at HDSP. ECF No. 5 at 1. I deny this motion without prejudice because I have dismissed the entire complaint without prejudice with leave to amend.

For the motion for a preliminary injunction, I advise Mahmoud that such motions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the PLRA, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Because there are no pending claims in this action, Mahmoud cannot show that he is likely to succeed on the merits of his case. As such, I deny the motion without prejudice.

Importantly, I note that Mahmoud may only seek injunctive relief for an issue if he has raised that claim in the lawsuit. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810

F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). For example, Mahmoud may only seek injunctive relief concerning the alleged prohibition of prayer if he raises that claim in an amended complaint or different lawsuit.

### III.     LEAVE TO AMEND

Mahmoud is granted leave to file an amended complaint to cure the deficiencies of the complaint. If he chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Mahmoud's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, and he must also comply with the FRCP. Moreover, Mahmoud should file the amended complaint on this court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." If Mahmoud chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, he will file the amended complaint by **April 26, 2024**.

### IV.     CONCLUSION

I THEREFORE ORDER that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

8

I FURTHER ORDER that the Clerk of the Court file the complaint (ECF No. 1-1) and send Mahmoud a courtesy copy.

I FURTHER ORDER that the entire complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend for failure to comply with the FRCP.

I FURTHER ORDER that the motion seeking the appointment of counsel (ECF No. 1-2) is denied without prejudice.

I FURTHER ORDER that the motion seeking to exceed the page limit (ECF No. 1-3) is denied.

I FURTHER ORDER that the motion seeking a preliminary injunction (ECF No. 5) is denied without prejudice.

I FURTHER ORDER that, if Mahmoud chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, he will file the amended complaint by **April 26, 2024**.

I FURTHER ORDER the Clerk of the Court to send to Mahmoud the approved form for filing a § 1983 complaint and instructions for the same. If Mahmoud chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

I FURTHER ORDER that, if Mahmoud fails to file an amended complaint curing the deficiencies outlined in this order by **April 26, 2024**, I will dismiss this action without prejudice for failure to state a claim.

DATED this 21st day of March, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE